Thank you, Your Honor, and may it please the Court. Third-degree sexual assault under Connecticut law is undoubtedly a grave offense, one that often involves violence, as we understand that term broadly in our day-to-day usage, but it is not categorically a crime of violence, as that particular term of art is construed, has been construed by the Supreme Court in cases arising under 18 U.S.C. Section 16A. Those cases make clear, and the government here concedes, that the term crime of violence contemplates a category of violent active crimes, and that in order to satisfy that definition, a State offense must categorically necessarily include as an element the use or threatened use of physical force, which the Court has defined to mean violent force, force capable of causing physical pain or injury to another person, or at a minimum, as the Court held last year, last term in Stokeling, the force necessary to overcome a victim's physical resistance. Third-degree sexual assault in Connecticut simply does not require that degree of force. We know this because the offense used to require a degree of force like that. It used to require the force necessary to overcome earnest resistance, but the State legislature amended the statute in 1975, or rather repealed and replaced it, to eliminate that requirement. I guess I'm having difficulty seeing why the removal, part of a removal of the active resistance requirement in a lot of statutes across the country at around this time, means that there's no force element in the statute. I mean, the statute by its terms, correct me if I'm misunderstanding, but you have to compel another person to submit to sexual contact by the use of force against such other person or a third person, which reasonably causes such other person to fear physical injury. I mean, why would the removal of the active resistance requirement as part of the reform of sexual assault laws remove that force element? So we're not saying here that there's not a force element. There is clearly a force element in third-degree sexual assault and first-degree sexual assault. Hufford makes that clear, the Connecticut Supreme Court decision. But that force element is not the same as, it's not a categorical match to, the physical force element under 16a and the equivalent clause in ACCA. So to Your Honor's point, this offense can be satisfied by either the use of force, and there are cases showing that that use of force need not be physical at all. Gagnon, the appellate court decision that came right after Hufford, is the one involving a police officer who forced a woman into a position of helplessness by impersonating a police officer. I can't explain why that's not physical force or threated physical force. Okay, he's, this is a policeman who's following somebody, or it's either a policeman or somebody pretending to be one, and forces that person to stop and then confronts that person under the guise of authority. Why isn't that physical force? Well, there's no physical contact with the victim. Because he's a toucher? Exactly, Your Honor. You think, well... But it was force. Was it threat of physical force? That doesn't require a touching. But there wasn't any threat of physical force either. Now, there was force. Clearly, that's what the decision states, and that's our position. There was force. There was a nonphysical force, a compulsion that she needs to pull over because this man is pretending to be a police officer, and he's in a position of authority over her. And there may well be cases where a third-degree sexual assault conviction could be sustained if an employer compels his subordinate to submit to sexual contact. And that is all to the good. I think Gagnon is the problem case for the other side. Yes. In that that would seem to be the minimal requirement for, under that statute. Gagnon is, what do you do with Gagnon? It's a court of appeals case. It's not the Supreme Court. We obviously know what fourth degree is, because you have the incapacitated person on the gurney, and they got to their incapacitated state... Legally. ...without force, and then the sexual assault occurs. So we know that's not use of force to commit the sexual force. So we know that. But then we get Gagnon. And does that really tell us what the Connecticut law is about, or is that some kind of outlier case? What do I do with Gagnon? I don't think you can... That describes exactly what is required under that statute, no matter what the words of the statute are. I think that it's, as Your Honor stated, it's the minimum requirement under the statute that there be some compulsion, a forcible compulsion, but not a physical compulsion. And that's how the Court distinguished Hufford. Now, important to understand, those are two cases in the 1980s, not too long after this statute was amended. Prior to that, the idea of physical restraint and helplessness was common in the common law of sexual assault. So the difference was the helplessness of the victim in Hufford was achieved legally. She was legally restrained, and it was illegal in Gagnon. And the point I want to get across is the legislature, I think we can assume from this amendment, wants that to be third-degree sexual assault in Gagnon. It does not want that to be fourth-degree sexual assault. That is a very grave offense. It simply did not require active, violent, physical force that... Or threat thereof. There's no threat of physical force in Gagnon. And in other cases. So in, I think it's Alberto M., that's the case where a man... No threat in Gagnon. If you have sex with me, I won't give you a ticket. Is that the threat? That may be a threat, but that's not a threat of physical force. But this is not, the government hasn't suggested that this is a divisible statute between the use of force or the threat of force. So we have to look at the least culpable act under the statute. And it's clear that it doesn't require physical force. Gagnon says that pretty clearly. That's a case that the Supreme Court denied certification of. It's 30 years old. It's been cited, I think, over 50 times as of this morning. So it's not one that this Court can really reverse some degree. And again, this is all to the good, I think. Okay? The legislature made a conscious decision not to require the degree of force that is required under the Federal generic definition. It wants you to be able to convict a defendant for sexually assaulting a victim even if she doesn't resist, or he, even if the force is not sufficient to overcome a victim's resistance. And it would be problematic, I think, for this Court in a collateral immigration proceeding to say, oh, no, it does require that degree of physical force. It requires more than the legislature has said. It requires more than Connecticut's state courts have held. That, I think, would be, would pose a problem, and it would give defendants in these actions more grounds to defend against these prosecutions. So I think the consequences of a decision in our favor are not so grave as the consequences of a decision in the government's favor. And, of course, in my view, it is compelled by the text of the statute and its history, as well as the State decisions interpreting it. I don't have Gannon before me, but I thought my memory was, and I may be wrong, but was there, there was some touching. Penninger, too. Yes. The car seat reaching through the window in Penninger? Yes. Am I right? Yes. And the State argued that that was the violent force that could sustain this, but the Court said, following Hufford, that the Let me, but why wouldn't that be a threat of physical force? When you're pulled over by a police officer, there's touching, and pulled over inappropriately, and there's a touching that seems, I mean, there was a threat, that's not a threat of physical force hanging in the air that would be satisfactory, enough to satisfy the problem? No. What the Connecticut cases make clear is that the force of the contact is not the force required under the statute. There has to be, for first and third degree sexual assault, force used to compel the contact, as distinct from the force used in the contact. And that's made clear in Hufford and then reiterated in Gannon and other cases. I reserve my time. Thank you, Mr. Dooley. Ms. Doggart? Good morning. May it please the Court, Jessica Doggart for the Government. In considering this issue de novo, the Court should find that third degree sexual assault does constitute an aggravated felony crime of violence. I think there are two issues here that the parties disagree over. The first is the generic definition of a crime of violence. And under this Court's precedent, as well as Stoeckling, I don't think that the that we agree on the same terms. Yes, the crime of violence must be a violent act of crime, as the Supreme Court discussed in Leocal. But also in Stoeckling, it must be unjust or improper force. And as the Court cautioned in Stoeckling, the parties cannot cherry-pick adjectives in order to define what a crime of violence means. It must be unjust, improper force that overcomes resistance. This Court has considered that slight force in Sykes. In Thrower, it recently decided that the force does not have the likelihood does not need a likelihood or probability that it will cause physical pain. It just must be unjust or improper. Can I ask you something? Do you agree with him that you have to for the Connecticut law, you have to separate out the sexual assault from the force that's used to get you in the position to commit the sexual force? It's two different things, right? Yes, so that would be the second point I believe that we disagree over is what the Connecticut use of force law requires. And I would just like to point the Court to the Missouri decision from the Connecticut, I believe, appellate court. The site is 602A2-29. And in that case, the Connecticut court referenced the legislative history and said that it was changed so that submission does not pardon the use of force. It's the use of force that's required under the statute. It's not the amount of submission or the amount of resistance that was put forth by the victim. But it's the use of force to get the person into the position to be assaulted. It's the use of force to compel the result. So it's the use of force to compel for third-degree sexual contact and for first-degree. That gets us back to Gagnon. Correct. The use of the force, and I must have read Gagnon about ten times. I can't really, I'm not sure I know what it means. But the use of force in that case was his pretending to be a police officer or I forgot whether, and pulling her car over. That was the use of force in that case? I think it was a threatened use of force case. It's not a use of force case. If you look at what the court decided in Gagnon, and I have it in front of me, it talks about how the individual put on his lights and pulled the vehicle over, rendering her illegally immobile. He stood in front of her door, in front of the window, and told her that he introduced himself as an officer. He informed her that she was driving a car with unregistered plates and that he would forget about the whole thing if she went to bed with him. He then reached into the car and grabbed her breasts and assaulted her. Okay, but that's the assault. That's the assault. So that's not the use of physical force to commit the assault. Correct. So it was a threatened force. So what's the threatened use of force? You say it's not a use of force case. So what's the threatened use of force to get her in the position to be assaulted? He was standing in front of her door, unable for her to leave. He was an officer that pulled her over. His physical stature was larger than hers. If you look at Juan C., which is a Connecticut appellate court case, which I think actually very well describes the Hufford rule, as well as Juan C.'s from 2017, and it describes the Hufford rule as well as Gagnon and other cases, and it talks about how the Hufford rule requires for the use of force to be met, either a use or threatened. Either a use or threatened use of violence, physical coercion, or superior physical strength. And that's the rule out of Hufford, that one of those three things has to be met in order to get a conviction under the statute. So it's either superior physical strength, physical coercion, meaning standing in front of someone, pushing someone. Some of the other physical coercion cases are forcibly removing a victim's underwear or forcing someone on a bench and straddling the victim. Obviously violence includes actual violence. And these other superior physical strength cases include individuals with much larger stature, like flexing a belt or compelling someone to go into a corner of a stairway, and they had someone blocked in the corner of a stairway and then compelled the person to go into the apartment to commit the assault. It's this physical coercion that the individual feels their choice is to submit to the assault or to submit to the violence. One or the way or the other, there's force involved. So I would suggest that Ganning is a threat of force case, and I think that it does meet the standard. It may be the least culpable conduct under the standard because it was somebody who just stood in front of a car door and precluded that person from leaving. But under the circumstances, as the court discussed in Ganning at 698, as the Connecticut appellate jump site, it talks about what is necessary in order to compel someone and how this person made this victim, how the jury could reasonably find that this victim felt compelled to submit to the contact. I'm happy to answer other questions about either 16A or the Connecticut statute, but I do think that the important distinction here in terms of the Connecticut statute is that there has to be either an implied use of or threatened use of force or an actual use of force. And while the threatened use of force may be implied or explicit, it still must be an actual threat of violence, physical coercion, or superior physical injury. Thank you. At a minimum. At a minimum, correct. Thank you. Thank you, Ms. Doggart. Mr. Dooley, you've reserved two minutes for rebuttal. Thank you, Your Honor. Judge Rustani, I hope you'll read Ganning on an eleventh time  The holding in that case was, quote, the defendant, by impersonating a police officer, was able to force the victim to pull her car off the road, thereby rendering her physically helpless. We conclude that the defendant's conduct constituted physical coercion. But it didn't. There was no physical contact with the victim. So this case remains one where the force requirement under third-degree sexual assault need not be satisfied by any kind of physical force, let alone violent physical force, let alone the physical force required to overcome a victim's resistance. What about threat? Well, again, it's not a threat case, but there was no threat in Gagnon. There was no threat to physically harm the victim in Gagnon. And, again, it's not a divisible statute, or at least the government doesn't suggest it is, between A1A and A1B. So if you can accomplish this, if you can be convicted of this crime without using or threatening force of that degree, then you're outside the scope of the federal definition. This crime, the state defense sweeps in more conduct than is made criminal under the generic definition, and that's why there's not a categorical match. I just want to note Gagnon's not the only case. There are several others. Not all of them challenge the force element insufficiency. But one we cited in our reply brief, Peloso, was where there was both a third- and fourth-degree assault conviction. It was a double jeopardy challenge. The only difference between the conduct was that the defendant gave the victim ecstasy, and the court held that the delivery of the ecstasy satisfied the force element, and that's why there was no Blockberger problem between third and fourth degree. And that gets to this dangerous instrument issue, which you can compel sexual contact by giving someone drugs without any physical contact. And there's a number of cases addressing the sexual contact element that also show, Alberto M. is one I have in mind, where there's no force at all. It's just the touching. And, again, that under state law doesn't qualify. And the last thing, if I may, I just want to note, is that this would not, holding in our favor in this case, wouldn't depart from any other circuits as far as I'm aware. In fact, if you look at United States v. Davis, an 11th Circuit decision, that's 875 F. 3rd, 592, the court held that sexual abuse by forcible compulsion under Alabama law is not categorically a crime of violence. These used to be under 16B. They were crimes of violence. That's no longer an option. Under 16A, I'm not aware of any court that has held that an offense like this is categorically a crime of violence. Thank you very much. Thank you. Thank you both. We'll reserve decision in this case.